FILED
2010 DEC 15 AM 10:36
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY_____ DEPT. CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TAMMY E. PARKER, )
        Plaintiff, ) No. 1:10-CV-330
                              ) Collier/Lee
v. ) Jury Demand
                              )
MUTUAL OF OMAHA, and its affiliate, )
UNITED OF OMAHA LIFE INSURANCE )
COMPANY, )
                              )
        Defendants. )

## NOTICE OF REMOVAL

Defendants "Mutual of Omaha, and its affiliate, United of Omaha Insurance Company" ("United of Omaha") file this Notice to remove to this Court an action brought against it and currently pending in the Chancery Court of Hamilton County, Tennessee, bearing Docket No. 10-0948, and with respect thereto, would show this Court as follows:

I.

The above-styled cause was commenced in the Chancery Court of Hamilton County, Tennessee, Case No. 10-0948, by virtue of a Complaint filed by Plaintiff Tammy E. Parker ("Parker" or "Plaintiff") on November 8, 2010, against United of Omaha. United of Omaha was served with process on or about November 17, 2010. Pursuant to 28 U.S.C. § 1446(a), a copy of the aforementioned Complaint, along with copies of process, are attached hereto and made a part of this Notice by reference.

II.

Upon information and belief, Plaintiff is a citizen of Hamilton County, Tennessee.

III.

This action is one of a civil nature for damages claimed as a result of alleged breach of an insurance contract by the Defendant. Parker was a participant in a group long-term disability insurance policy purchased through United of Omaha and the Chattanooga Housing Authority ("Plan").

The Complaint alleges a claim for the alleged nonpayment of insurance benefits to Plaintiff. *See* Complaint ¶¶ 3-6. Accordingly, this action is one of a civil nature for damages claimed as a result of an alleged breach of an insurance contract by Defendant. This Court has original jurisdiction over Plaintiff's action under the provisions of 28 U.S.C. § 1331.

Specifically, this is an action for benefits arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). 29 U.S.C. § 1132(e)(1) confers original jurisdiction upon the District Courts of the United States over claims initiated by plan participants, beneficiaries, or fiduciaries to recover benefits due or to enforce rights under employee benefit plans governed by ERISA. The Complaint asserts Plaintiff's rights to recover benefits under the terms of the Plan. *See* Complaint ¶¶ 3-6. Defendant asserts that this action arises under federal law, and this Court has original jurisdiction.

Further, while federal preemption is ordinarily a defense and, as such, would not satisfy the well-pleaded complaint rule for removal purposes, causes of action filed in state court that are preempted by ERISA and come within the scope of Section 1132(a) are removable to Federal Court under 28 U.S.C. § 1441(a) as an action arising under federal law, even if the defense of ERISA preemption does not appear on the face of the complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). To the extent the specific claims

C CSH 552841 v1
2786516-000043 12/14/2010

against Defendant are separately articulated, those specific claims as to Defendant are removed. The requisite federal question exists, as provided in 28 U.S.C. § 1331.

In addition, there is complete diversity jurisdiction, and this Court has jurisdiction over Plaintiff's action under the provisions of 28 U.S.C. § 1332. This Court also has jurisdiction over this cause under 28 U.S.C. § 1332(a)(1) and (c)(1) and 28 U.S.C. § 1441, *et seq.* There is complete diversity of citizenship between Plaintiff and Defendant; Plaintiff is a resident of Tennessee, and Defendant is a Nebraska corporation.

While Plaintiff's Complaint does not allege a specific monetary amount of damages, the Complaint seeks "long-term disability benefits due, waiver of life insurance premiums, attorney's fees, punitive damages, together with interest and penalties." Complaint ¶ 2 Wherefore Paragraphs. Based on the totality of Plaintiff's prayer for relief, and the total value of the benefits she seeks, Plaintiff's possible damages exceed the jurisdictional threshold for diversity jurisdiction.

The time period within which Defendants are required to file this Notice of Removal pursuant to 28 U.S.C. § 1446 has not yet expired. Since the date on which the applicable Defendant was served with the summons and a copy of the Complaint, there have been no other proceedings in this case in the Chancery Court of Hamilton County, Tennessee. Defendant filed this Notice of Removal in this Court on December 15, 2010. Defendant's Notice of Removal has been filed within the 30 day time period in 28 U.S.C. § 1446(b) because it is being filed within thirty days of when United of Omaha was served with process.

United of Omaha files herewith a copy of all process, pleadings, and orders served upon all parties to this action and available from the Chancery Court of Hamilton County, Tennessee at the time of filing.

3

The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Tennessee, and this cause of action is removable to the United States District Court for the Eastern District of Tennessee.

WHEREFORE, Defendant United of Omaha files this Notice for the purpose of removing this action from the Chancery Court of Hamilton County, Tennessee, to the United States District Court for the Eastern District of Tennessee.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: _____
Cameron S. Hill, TN BPR No. 017408
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800
423.209.4160
chill@bakerdonelson.com

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served upon adversary counsel, via U.S. Mail, this 15th day of December, 2010, as follows:

Flossie Weill, Esq.
Ira M. Long, Jr., Esq.
Weill & Long, PLLC
1205 Tallan Building, Two Union Square
Chattanooga, TN 37402

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: _____