UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TAMMY E. PARKER,      *
                               *
    Plaintiff,              *
                               *      No.: 1:10-CV-330
vs.                                *
                               *      JUDGE COLLIER
MUTUAL OF OMAHA, and its affiliate,      *
UNITED OF OMAHA LIFE INSURANCE      *      MAGISTRATE LEE
COMPANY,      *
                               *
    Defendants.            *

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND
REQUEST FOR EXPEDITED RESPONSE AND HEARING**

       Plaintiff, through counsel, pursuant to F.R.C.P. 37, respectfully moves the Court to order the defendants to produce the documents described herein, to shorten the defendants' time for the filing of any response to this motion and to hear this matter on May 13, 2011. The grounds in support of this motion are as follows:

       1.     Attached hereto as Exhibit 1 is Defendant's Response to Plaintiff's First Set of Interrogatories. Attached hereto as Exhibit 2 is Defendant's Response to Plaintiff's First Set of Request for Production of Documents.

       2.     Interrogatory No. 8 and the defendants' response were as follows:

       8.     With regard only to Mutual of Omaha policies identical to or substantially similar to Tammy Parker's insofar as coverage terms and conditions for the living benefits option, identify[1] each document which

---

[1] With respect to documents, Plaintiff's interrogatories included a definition of "identify." The definition is quite demanding. However, the defendants cannot be heard to complain, nor did they complain about the breadth of the definition, because Plaintiff adopted the definition from the defendants' own discovery which had been previously served. The definition was:

       H.     "Identify" when used with respect to a document(s) or written communication means:

embodies, refers or relates to the rules, guidelines, training material, methods, directives, instructions, algorithms or the like, under which policy holders' living benefits option claims and appeals were to be evaluated and decided at the times when Tammy Parker's claims and appeals were evaluated and decided.

RESPONSE: See response to Interrogatory No. 5.

Mutual of Omaha's response to Interrogatory No. 5 was:

RESPONSE: United of Omaha objects to this interrogatory to the extent it seeks information that is documented in and readily available to Ms. Parker in the Administrative Record and on the grounds that it is unduly burdensome. Without waiving these objections, or the general objections set forth above, United of Omaha responds as follows:

United of Omaha analyzes and makes decisions regarding waiver of premium claims based on the unique nature and circumstances of each individual claim. There is no required set of processes, procedures, analyses, or investigations the company follows for each claim. While there is a general process an analyst may follow, there is no required process an analyst must follow. The company relies on the judgment, education, training, experience, and expertise of the analysts to review the claims and make decisions based on the unique circumstances of the claim, the claimant's own, personal medical records, and the specific terms of the governing policy.

---

1. Specify the nature of the document (e.g., letters, memoranda, press releases, written agreements, telegrams, etc.);
2. Stat the date, if any, appearing on the document when it was prepared;
3. Identify each person who wrote, signed, dictated, or otherwise participated in the preparation of the document:
4. Identify each person, if any, who was an addressee of the document;
5. If it now exists, identify each person having custody of the document;
6. State when and how it came to be in your possession or subject to your control; and
7. State the substance of the information contained in the document or communication. If such document was, but no longer is, in your possession or subject to your control, state what disposition was made of it.

A document may be produced in lieu of identification, provided that all indentifying information is apparent from the document. To the extent not apparent, you shall identify it as indicated in subparagraphs 1-7 above.

2

In addition to their own education, knowledge, experience, and training, analysts have available for their use a resource tool and guideline known as the "Group Life Claims Wiki" ("GLCW"). Analysts are not required to use, consult, or review the GLCW. The GLCW is stored electronically, and it may periodically be amended or updated. The GLCW addresses processes and procedures; it does not address the substance of claims. For example, United of Omaha has no policies or procedures specifically tailored to address claimants with a diagnosis of terminal cancer. Should any inconsistency exist between the contract/policy applying to the claimant and the information contained in the GLCW, the policy/contract language controls.

Exhibit 1, pages 5-6.

3. Request for Production No. 4 and the defendants' response were as follows:

Request No. 4: [Produce] All documents identified in your response to Interrogatory No. 5.

RESPONSE: See response to Interrogatory No. 5. United of Omaha objects to this request to the extent it seeks information that is documented in and readily available to Ms. Parker in the Administrative Record and on the grounds that it is overly broad and unduly burdensome. Because of the proprietary nature of the GLCW and because it was not particularly relied on by United Omaha in the course of making the benefit determination in this particular case, Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence, and United of Omaha should not be required to produce these documents. Without waiting these objections, or the general objections set forth above, United of Omaha responds as follows: United of Omaha will produce the GLCW table of contents upon entry of an appropriate protective order.

Exhibit 2, page 3.

4. The requested documents were not included in the Administrative Record. Moreover, Mutual of Omaha made no particularized trade secrets or other confidentiality objection to producing the GLCW documents. It merely made a general, boilerplate objection within what it termed "general objections," as follows:

United of Omaha objects to each interrogatory that seeks the disclosure of information or documents that contain trade secrets or other confidential,

3

research, development, or commercial information that would be subject
to protection under the Federal Rules of Civil Procedure.

Exhibit 2, page 2.

    5.    This general, boilerplate objection is insufficient to comply with or satisfy F.R.C.P. 33(b)(4) or which provides as follows:

> (4) *Objections*. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

    6.    Accordingly, Mutual of Omaha has waived any objection to identifying and producing the GLCW documents, and the Court should compel it to do so.

    7.    Mutual of Omaha has produce a 12-page table of contents for one document (Manual 1) and a 4-page table of contents for another document (Manual 2). Manual 1 and Manual 2 appear to be manuals for processing and deciding policy claims. It is unclear whether the Manual 1 and Manual 2 are part and parcel of GLCW documents.[2]

    8.    In any event, the Court should order that Manual 1 and Manual 2 be produced, as any objection is waived for failure to object with specificity.

    9.    Plaintiff has previously agreed to try to reach a mutually acceptable protective order, so that all of these documents can be produced in a manner which will protect the defendants' confidentiality concerns. However, the defendants have not followed through in trying to negotiate such an agreement.

    10.    As the Court is aware, the trial is scheduled for September 12, 2011, and the scheduling of discovery has been compressed. Depositions of the defendants' representatives are scheduled for the week of May 23, 2011. The documents addressed herein are necessary to prepare for and conduct the depositions. Consequently, Plaintiff requests that the Court shorten the time for the defendants' response to this motion to and including May 11, 2011, so that the motion can be heard on May 13, 2011, when a hearing on Plaintiff's motion to amend the complaint will be heard.

Wherefore, Plaintiff requests that the Court compel the production of the documents described herein and that the time for the defendants' response to this motion be shortened so as to require them to file any response on or before May 11, 2011.

---

[2] Plaintiff has not attached a copy of Manual 1 or Manual 2, or even state the title of these documents, as she agreed not to disclose the documents to any third-party until the discoverability of the documents has been agreed upon or ruled upon.

4

Respectfully submitted,

WEILL & LONG, PLLC

By: /S/ Ira M. Long, Jr.
  Flossie Weill – BPR No. 4637
  Ira M. Long, Jr. – BPR No. 22411
  1205 Tallan Building, 2 Union Sq.
  Chattanooga, Tennessee  37402
  Telephone: 423-756-5900
  Facsimile: 423-756-5909

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

 I hereby certify that I have on May 5, 2011 caused a copy of the foregoing to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

  /s/ Ira M. Long, Jr.